Filed 10/8/15  P. v. Briggs CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042162 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. 183172, 108709 & 84284) |
| v. | |
| GERALD BRIGGS, | |
| Defendant and Appellant. | |

In 1996, appellant Gerald Briggs was convicted of first degree burglary after he broke into a neighbor's apartment through a window and stole her purse.  (Pen. Code, §§ 459-460, subd. (a).)[1]  He was sentenced to a total term of 35 years to life.  (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2).)[2]

On February 3, 2015, appellant filed a number of petitions for recall of sentence and resentencing pursuant to section 1170.18, subdivision (a), seeking to reduce his conviction to a misdemeanor under Proposition 47.  On February 9, the trial court denied his petitions, finding him ineligible for the requested relief because section 1170.18 does

---

[1]  Unless otherwise noted, all further statutory references are to the Penal Code

[2]  We note that counsel for appellant failed to provide a summary of the facts of the underlying crime in the opening brief and the record before us does not contain any of the original charging documents or the abstract of judgment.  The cursory facts enumerated here regarding the underlying charges are taken from various attachments to appellant's petitions for habeas corpus included in the record.

not authorize misdemeanor treatment of the charges for which he was convicted. The court found that, "Although certain 2nd degree burglary charges may be eligible for treatment under Penal Code §459.5, Defendant does not allege and the record does not demonstrate that the 2nd degree burglary conviction in Case #84284 constitutes a shoplifting offense as now defined by that section." On March 23, 2015, appellant filed a timely notice of appeal.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which states the case and the facts but raises no specific issues.

Pursuant to *Serrano,* on July 8, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On July 9, 2015, July 15, 2015, August 5, 2015, and August 19, 2015 we received filings from appellant. In his July 9th and August 5th filings, entitled "Petition For Habeas Corpus,"[3] appellant attaches a variety of records from the case below and his prior convictions, recites the history of his criminal convictions and asserts that the current second degree burglary crime is eligible for resentencing under Proposition 47. In his July 15th and August 19th filings, defendant claims that he has received ineffective assistance of counsel and requests reappointment of counsel.

The record does not support appellant's contention that his burglary qualifies for resentencing as a shoplifting offense. The few records that we do have of the underlying conviction show that defendant entered his neighbor's apartment and took her purse. Therefore, the trial court correctly determined that he is ineligible for resentencing under Proposition 47.

---

[3] Although appellant used the habeas petition cover sheet on his filings, we will treat the filings as his supplemental responses to the *Serrano* brief and not as original habeas proceedings. Other than the cover sheets, the substance of the filings appears to address the *Serrano* appeal, and does not include the procedural or substantive documentation necessary to support a petition for habeas corpus.

Additionally, appellant's claims of ineffective assistance of counsel on appeal are without merit, and his motion for reappointment is hereby denied. Pursuant to *Serrano*, counsel who files an opening brief stating the facts, but not raising any issues on appeal is not ineffective. Although counsel omitted the facts of the underlying conviction, counsel's recitation of the facts and procedural history of the proceedings below was adequate, and his citations to the record provided the necessary factual background for the underlying conviction. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) As nothing in appellant's supplemental filings raises an arguable issue on appeal, we must dismiss the appeal. (*Id.* at pp. 503-504.)

## DISPOSITION

The motion for reappointment of counsel is denied. The appeal is dismissed.

_____

RUSHING, P.J.

WE CONCUR:


_____

PREMO, J.



_____

ELIA, J.




*People v. Briggs*
**H042162**

4